# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:09-CR-2-1- JRG-RSP |
| | § | |
| ANTHONY UPCHURCH | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On July 10, 2014, the undersigned held a final hearing on the Government's petition (#36) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, Anthony Upchurch, was represented by Ken Hawk.

Anthony Upchurch was sentenced on September 15, 2009, before The Honorable T. John Ward of the Eastern District of Texas after pleading guilty to the offense of possession of material involving the sexual exploitation of minors, a Class C felony. This offense carried a statutory maximum imprisonment term of 10 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. Anthony Upchurch was subsequently sentenced to 57 months imprisonment followed by a 5-year term of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure; substance abuse aftercare,; comply with sex offender registration requirements; sex offender aftercare; no contact with children of any kind under 18 unless supervised by an adult approved by the probation officer; shall not possess or view any images that depict sexually explicit conduct as defined under 18 U.S.C. §2256(2)(A); and submit to a search by any law enforcement officers.

On June 9, 2014, this petition to revoke was filed. In its petition, the Government

alleges the Defendant violated the following conditions:

1) <u>Standard</u>: The Defendant shall report to the probation officer as directed by the Court or probation officer, and shall submit a truthful and complete written report within the first five days of each month. Specifically, the Government alleges as follows: Mr. Upchurch failed to submit a monthly report for the months of March and May 2014. On May 29, 2014, a home visit was conducted at Mr. Upchurch's approved residence. He was not home, but a card was left with an acquaintance with instructions for Mr. Upchurch to report to the probation office on May 30, 2014. Mr. Upchurch failed to report as directed on May 30, 2014.

2) <u>Standard</u>: The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: On January 3, 2014, Mr. Upchurch submitted a urine specimen that was positive for amphetamine and methamphetamine. The specimen was forwarded to the lab, and confirmation of a positive for both drugs was received on January 9, 2014. Upon lab confirmation, Mr. Upchurch admitted to the use of methamphetamine.

3) <u>Special</u>: The defendant shall participate in a program of testing and treatment for drug abuse, as directed by the probation officer, until such time as defendant is released from the program by the probation officer. Specifically, the Government alleges as follows: Mr. Upchurch failed to report to the probation office as directed for a drug test on April 16, 2014, May 27, 2014 and June 5, 2014.

4) <u>Special</u>: Under the guidance and direction of the U.S. Probation Office, the defendant shall participate in a sex offender treatment program which may include the application of

physiological testing instruments.   The defendant shall pay any costs associated with treatment and testing.

The Court scheduled a revocation hearing for July 10, 2014.  At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above.  Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 7 months and 5 years supervised release with the first 6 months in a residential reentry house with a drug treatment program.  The Court recommended service of sentence at FCI Texarkana.   Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the Government's petition, be **ACCEPTED**.   Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release.   It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**.   It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 7 months and 5 years supervised release with the first 6 months in a residential reentry house with a drug treatment program.  The Court recommended service of sentence at FCI Texarkana.

At the close of the July 10, 2014 revocation hearing, Defendant, defense counsel, and

counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

    **SIGNED this 10th day of July, 2014.**

ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE