# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| v. | § | Case No. 2:09-CR-2-JRG-RSP |
| | § | |
| ANTHONY UPCHURCH | § | |

## REPORT AND RECOMMENDATION OF
## THE UNITED STATES MAGISTRATE JUDGE

On May 3, 2017, the undersigned held a final hearing on the Government's petition (#96) to revoke supervised release. The Government was represented by Assistant United States Attorney Mary Ann Cozby. The Defendant, Anthony Upchurch, was represented by Ken Hawk.

Anthony Upchurch was sentenced on September 15, 2009, before The Honorable U.S. District Judge T. John Ward of the Eastern District of Texas after pleading guilty to the offense of Possession of Material Involving the Sexual Exploitation of Minors, a Class C felony. This offense carried a statutory maximum imprisonment of 10 years. The guideline imprisonment range, based on a total offense level of 25 and a criminal history category of I, was 57 to 71 months. Anthony Upchurch was subsequently sentenced to 57 months imprisonment followed by 5 years of supervised release subject to the standard conditions of release, plus special conditions to include financial disclosure, substance abuse aftercare, sex offender registration and sex offender treatment. On November 1, 2013, Anthony Upchurch completed his period of imprisonment and began service of the supervision term.

On July 10, 2014, the term of supervised release was revoked and the offender was sentenced to 7 months imprisonment followed by an additional 5 years supervised release. The same standard conditions of release were imposed; as well as, the above-mentioned special

conditions. The defendant's supervision was revoked due to failing to report to the probation officer, using illegal drugs, failing to comply with drug testing and failing to attend sex offender treatment.

On May 19, 2015, the defendant's second term of supervised release was revoked and he was ordered to serve 9 months of imprisonment followed by 1 year of supervised release. The same standard conditions of release were imposed; as well as, the above-mentioned special conditions. The defendant's supervision was revoked due to possessing sexually explicit conduct, possessing a cell phone with internet and photographic capability, and to being discharged unsuccessfully from the residential reentry center.

On June 6, 2016, the defendant's third term of supervised release was revoked, and he was ordered to serve 8 months of imprisonment followed by 1 year of supervised release. The same standard conditions of release were imposed, as well as, the above-mentioned special conditions. The defendant's supervision was revoked due to using illegal drugs and admitting to failing to attend sex offender treatment.

On March 30, 2017, this petition to revoke was filed. In its petition, the Government alleges the Defendant violated the following conditions:

1) <u>Standard</u>: The Defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons. Specifically, the Government alleges the following: The defendant has been unemployed since his release form imprisonment.

2) <u>Standard:</u> The Defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any

paraphernalia related to such substances, except as prescribed by a physician. Specifically, the Government alleges as follows: The defendant submitted a diluted sample on 3/14/17. He later admitted to using methamphetamine on or about 3/13/17 and acknowledged that he submitted a diluted sample in an effort to cheat the test. The defendant tested positive for methamphetamine on 3/22/17 as confirmed by the national testing laboratory.

3) <u>Special</u>: The Defendant shall participate in a program of testing and treatment for drug abuse, under the guidance and direction of the U.S. Probation Office, until such time as the defendant is released from the program by the probation officer. Specifically, the Government alleges as follows: The defendant failed to appear for random drug testing on 3/9/17 citing poor time management as an excuse. The defendant failed to appear for random drug testing on 3/10/17 citing his grandmother's hospitalization as the excuse.

The Court scheduled a revocation hearing for May 3, 2017. At the hearing on the Government's petition, and after consenting to the undersigned taking the plea, the Defendant pled true to the allegations as set forth above. Based on the Defendant's plea of true to the allegations, and with no objection by the Defendant or the Government, the undersigned found that the Defendant did violate conditions of his supervised release, as alleged in the U.S. Probation Office's petition.

The undersigned thereafter recommended that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for 14 months, with no supervised release to follow such term of imprisonment and with credit for time served. The Court recommended service of sentence at FCI Texarkana, TX. Based on the foregoing, it is

**RECOMMENDED** that the Defendant's plea of true to the allegations, as set forth in the

Government's petition, be **ACCEPTED**. Based upon the Defendant's plea of true to the allegations, it is further recommended that the Court find that the Defendant violated the conditions of his supervised release. It is further

**RECOMMENDED** that the Defendant's supervised release be **REVOKED**. It is further **RECOMMENDED** that the Defendant be committed to the custody of the Bureau of Prisons to be imprisoned for a term of 14 months, with no supervised release to follow such term of imprisonment and with credit for time served.

At the close of the May 3, 2017 revocation hearing, Defendant, defense counsel, and counsel for the Government each signed a standard form waiving their right to object to the proposed findings and recommendations contained in this report, consenting to revocation of supervised release as recommended herein and to the imposition of the above sentence. Defendant also waived his right to be present and speak before the District Judge imposes the recommended sentence. Therefore, the Court may act on the findings and recommendation immediately.

**SIGNED this 4th day of May, 2017.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE